Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7076

WILLIE F. WILLIAMS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Willie F. Williams, of Easton, Maryland, pro se.

Kent G. Huntington, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7076

WILLIE F. WILLIAMS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs

Respondent-Appellee.

---

DECIDED:  June 6, 2007

---

Before SCHALL and BRYSON, <u>Circuit Judges</u>, and HOLDERMAN, <u>Chief District Judge</u>.[*]

PER CURIAM.

## DECISION

Willie Williams appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") that denied Mr. Williams's claim for an earlier effective date for his service-connected condition, erythema multiforme.  <u>Williams v. Nicholson</u>, No. 03-1458 (Vet. App. Sept. 1, 2006).  We <u>dismiss</u>.

---

[*]    Honorable James F. Holderman, Chief Judge, United States District Court for the Northern District of Illinois, sitting by designation.

DISCUSSION

I.

Mr. Williams served on active duty in the military from January 1968 to December 1968. In December 1968, a Department of Veterans Affairs ("VA") regional office ("RO") granted service connection for erythema multiforme and assigned a 50% convalescent rating that was later reduced to 10% in June 1969.

In September 1981, Mr. Williams filed a claim for an increased rating. However, in February 1982, the RO reduced Mr. Williams's rating to noncompensable. In June 1982, Mr. Williams filed a Notice of Disagreement (NOD). In September 1984, the Board confirmed the RO denial of a compensable rating for erythema multiforme. At that time, no judicial review was available, and that decision became final.

In June 1996, Mr. Williams filed a statement requesting a compensable evaluation, which the RO denied. However, in a Hearing Officer decision dated March 1998, the RO granted a 60% rating for Mr. Williams's disability of the left lower extremity, a 60% rating for his disability of the right lower extremity, and a 30% rating for disability at other sites. Mr. Williams's combined rating was therefore 100%, effective June 13, 1996.

In May 1998, Mr. Williams filed an NOD wherein he disagreed with the effective date of the increased evaluation. In June 2000, the Board denied Mr. Williams's claim for an earlier effective date and he appealed to the Veterans Court. While briefing was pending, the Clerk of the Veterans Court granted the Secretary's unopposed motion for a remand to the Board, based on the passage of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. Upon remand, the Board

addressed compliance with the requirements of the VCAA and in March 2002 again denied Mr. Williams's claim for an earlier effective date. Mr. Williams appealed again to the Veterans Court. The Clerk of the Veterans Court, pursuant to a joint motion submitted by the parties, remanded the claim to the Board for a second time, for further consideration of whether the VA had fulfilled the VCAA notice requirement. On remand, the Board determined that its June 2000 decision was not subject to the requirements of the VCAA because those requirements were not retroactively applicable to proceedings that had been completed before the VA and that were on appeal to the Veterans Court when the VCAA was enacted, and that specific documents in the record satisfied the VA's duty to notify with respect to its March 2002 decision. The Board proceeded to address the merits of Mr. Williams's claim and on July 2, 2003, the Board again denied an earlier effective date for the increased rating.

Mr. Williams appealed to the Veterans Court, asserting that the VA had violated its duty to notify him pursuant to 38 U.S.C. § 5103(a), as amended by the VCAA, because the VA had failed to inform him of what evidence, not of record, was necessary to substantiate his earlier effective date claim. The Veterans Court rejected Mr. Williams's claim and affirmed the July 2, 2003 Board decision. This appeal followed.

II.

Our jurisdiction to review a decision of the Veterans Court is limited. Specifically, we may review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . .that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have "exclusive jurisdiction to review and decide any challenge

to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). In reviewing decisions of the Veterans Court, we may "decide all relevant questions of law," but we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent an appeal presents a constitutional question. 38 U.S.C. § 7292(d)(1)-(2).

On appeal, Mr. Williams is seeking reimbursement, based on the increased 100 percent rating for service connected erythema multiforme, for the time between his initial claim for an increased evaluation, brought in 1981, through the June 1996 effective date of the increased rating. In challenging the Veterans Court's affirmance of the Board's decision not to award an earlier effective date, Mr. Williams does not contend that the Veterans Court erred in interpreting a statute or regulation, nor does he allege that his appeal raises a constitutional issue. Rather, in urging a different outcome he seems to be arguing the facts of the case, or the application of law to those facts. As just indicated, however, we are not empowered to review factual determinations or the application of law to facts.

For the foregoing reasons, Mr. Williams's appeal from the final decision of the Court of Veteran Claims is dismissed for lack of jurisdiction.

Each party shall bear its own costs.